IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PHILIP and BRENDA GROSS PHILIP,<br><br>         Plaintiffs,<br><br>    vs.<br><br>COUNTY OF KERN, MACK WIMBISH, KERN COUNTY SHERIFFS, D. JAUCH, and J. McADOO,<br><br>         Defendants.<br>_____ / | CASE NO. CV F 04-6729 LJO TAG<br><br>**ORDER ON DEFENDANTS' MOTIONS IN LIMINE** |

This Court conducted a November 21, 2008 motions in limine hearing. Plaintiffs Thomas Philip and Brenda Gross Philip ("Plaintiffs") appeared by telephone by counsel Dean Bailis Gordon and Jacob M. Weisberg. Defendants County of Kern, Kern County Sheriff Mack Wimbish, Kern County Sheriffs' Department, D. Jauch, and J. McAdoo ("Defendants") appeared by telephone by counsel Andrew C. Thomas, Office of County Counsel, County of Kern. The Court read and reviewed Defendants' motions in limine and Plaintiffs' opposition to Defendants' motions, including the supporting documents. The Court further considered the arguments of counsel on the record. The Court ruled from the bench on the following motions and incorporates those rulings herein. For the reasons described on the record and in this order, the Court issues the following order on Defendants' motions in limine.

1

**1.      Exclusion of Expert Opinions of Dr. Morgan and Dr. Massie**

This Court DENIES Defendants' motion to exclude the expert opinions of Dr. Morgan and Dr. Massie. Dr. Morgan and Dr. Massie and not retained experts; they are treating physicians. Their depositions were taken and the medical records were discovered. Lateness in the disclosure was harmless error. The treating physicians may opine as to prognosis of Mr. Philip and future treatment necessary, if any. Counsel may not ask Dr. Morgan or Dr. Massie to review any records from anyone else and they may not give expert opinions in that regard.

**2.      Exclusion of Expert Testimony or Opinions of Other Non-Retained Experts**

This Court GRANTS Defendants' motion to exclude the expert testimony or opinions of other experts that were not retained.

**3.      Exclusion of Expert Testimony Other than Rebuttal**

This Court DENIES Defendants' motion to exclude the expert testimony of Dr. Barwell and Dr. Cantrell, other than rebuttal. Dr. Barwell and Dr. Cantrell were deposed and they each submitted report a report pursuant to Fed. R. Civ. P. 26. Although the witnesses were designated two weeks late, it was harmless error as defendants concede there is no prejudice to defendants.

**4.      Exclusion of Future Damages Testimony**

This Court GRANTS without prejudice Defendants' motion to exclude testimony regarding future wage loss, loss of earnings capacity and/or future medical treatment and/or expenses until the time of trial. Evidence of future wage loss, loss of earnings, and/or future medical treatment and/or expenses will not be allowed unless a proper foundation is laid. Non-experts cannot testify as to future wages until and unless a proper foundation has been laid. A non-expert must be asked, "What is your basis for figuring future wage loss?" This Court will entertain an objection as whether the proper foundation has been made at the time those questions are asked. Counsel may not mention future wage loss in opening statements.

///

**5.      Exclusion of Testimony from Plaintiffs' Rebuttal Expert Burwell**

This Court GRANTS  Defendants' motion to exclude the testimony and/or opinions of Ernest Burwell regarding the practice of capping police dogs' teeth and/or teaching a police dog the "bark and hold" method. Mr. Burwell was to testify that other agencies' practices of capping dogs' teeth and teaching the police dogs the "stop and hold" method, but does not have an opinion  about how the failure to cap the dog's teeth or utilize that method in this case would have affected Mr. Philip.  This Court GRANT in part and DENIES in part Defendants' motion to exclude Mr. Burwell's testimony regarding the deputy sheriffs' testimony about discussions with a percipient witness that was not included in the Sheriff's Report.  Mr. Burwell may testify that officers are trained to include such information in a report, but may not testify as to the veracity of whether that discussion occurred.

**6.      Exclusion of Testimony of Leticia Valadez and/or Jessica Martinez**

This Court GRANTS Defendants' motion to exclude the testimony of Leticia Valadez and/or Jessica Martinez.  Discovery is closed.

**7.      Exclusion of Photographs of Philip's Injuries**

This Court DEFERS judgment on Defendants' motion to exclude photographs of Plaintiff Thomas Philip's injuries until the morning of trial so that the judgment can be made after viewing the photographs.

**8.      Exclusion of Medical Records**

This Court GRANTS in part Defendants' motion to exclude non-authenticated medical records and/or records of non-testifying heath care providers. Properly-designated experts may rely on medical records to form their opinions.

**9.      Exclusion of Outside Canine and Handling Reports**

This Court DENIES without prejudice Defendants' motion to exclude canine reports which introduce standards that are inapplicable in California.  To testify using the hearsay, the expert must

3

establish a proper foundation, including relevance, reliance, that the reliance is relevant, and that the hearsay is the kind normally relied upon by the expert in the field.

**10.     Exclusion of Evidence of Vehicle Decals and Plastic Seal Replica**

This Court DENIES Defendants' motion to exclude evidence of the vehicle decals; however, the parties must submit by stipulation a limiting instruction that is clear that the evidence pertains to the Monell claim and does not affect the individually-named deputy sheriffs in this action.

This Court GRANTS without prejudice Defendants' motion to exclude evidence of the plastic baby seal replica.  Plaintiffs may offer the evidence so long as they provide a foundation that a ranking officer was involved or knew of the incident, which occurred at a sub-station, so that the evidence is relevant to the Monell issue.

**11.     Exclusion of Testimony that a Lesser Amount of Force or Voice Commands Would Have Been Effective**

This Court GRANTS Defendants' motion to preclude testimony that a lesser amount of force or voice commands would have been effective; however, the Court does not preclude evidence that the agency has a policy of a forced continuum and that policy was not followed.

**12.     Exclusion of Reference to Canines as "Deadly Force"**

This Court GRANTS in part Defendants' motion to preclude use the term "deadly force" as applied to the deployment and/or subsequent engagement by the canine.  Counsel may not elicit the term from witnesses, but counsel may use the term in closing arguments.  The parties may raise further legal arguments on this issue as they pertain to jury instructions.

**13.     Exclusion of Prior Bad Acts of Defendants**

This Court GRANTS Defendants' unopposed motion to exclude evidence of any prior bad acts by Defendants Jauch and/or McAdoo.

**14.    Exclusion of Evidence of Plaintiffs' Later Contact with the Sheriffs' Department and Deputies**

This Court GRANTS Defendants' unopposed motion to exclude evidence of any later contact by Plaintiffs with the Kern County Sheriffs' Department and/or Kern County deputy sheriffs. This motion and order does not include the interaction at Wimbish's deposition, which is the subject of Plaintiffs' motion in limine #2 and Defendants' motion in limine #19.

**15.    Exclusion of Evidence and Testimony Related to the Charges and Dismissal of Plaintiffs**

This Court DEFERS judgment on Defendants' motion to exclude evidence and testimony of the charges and subsequent dismissal of the charges against Plaintiffs, including the reasons for the dismissal of the charges. The parties shall provide a stipulation to this Court that memorializes the agreement the parties made to issue a joint statement regarding the criminal charges and subsequent dismissal of the criminal action.

**16.    Exclusion of Testimony or Evidence of Defendants' Failure to Obtain an ETOH Blood Draw at the Hospital**

This Court GRANTS Defendant's motion to exclude testimony or evidence regarding Jauch and/or McAdoo's failure to request that an ETOH and drug screen blood test be taken of Mr. Philip, s there is no legal basis to request the blood tests. The parties shall offer by stipulation a statement for the jury indicating that no blood tests were performed, because there was no legal requirement to do so.

**17.    Admission of Recorded Statment/Interview of Permberton**

This Court DENIES Defendants' motion to admit the statement of Brian Pemberton, a deceased person, at the scene and his subsequent interview and recorded statement. The witness is unavailable and the testimony is relevant; however, the legal requirements of Fed. R. E. 807 have not been fulfilled. The deputy sheriff may testify as to the comments Mr. Pemberton made and how that comment affected the future actions of the officer, because that is not hearsay as it is not admitted for the truth of the matter. In the event such  testimony is elicited, the Court may use a limiting instruction to explain to

the jury that the statement is not accepted for its veracity.

**18.    Admission of Commendations and Lack of Prior Complaints**

This Court GRANTS in part and DENIES in part Defendants' motion. Defendants may admit evidence of training, but may not admit evidence of commendations, lack of prior complaints, and lack of prior discipline.

**19.    Admission of Acts by Philip at the Depositions of Wimbish and Jauch**

This Court GRANTS in part and DENIES in part Defendant's motion to admit evidence of the incident that occurred. As to the evidence of Mr. Philip's alleged aggressiveness after Sheriff Wimbish's deposition, the Court DISALLOWS the evidence to show temperamental predisposition, but ALLOWS the evidence for the limited purpose to show actual bias and/or Mr. Philip's willingness to maintain lawsuit. The Court will entertain a motion for a limiting instruction to describe that distinction to the jury. This Court PRECLUDES evidence related to the allegation that Mr. Philip let the air out of the defendants' tires during a deposition on the basis of Fed. R. Evid. 403.

IT IS SO ORDERED.

**Dated:    November 21, 2008**               /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE