IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PHILIP and BRENDA GROSS PHILIP,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF KERN, MACK WIMBISH, KERN COUNTY SHERIFFS, D. JAUCH, and J. McADOO,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 04-6729 LJO TAG<br><br>**ORDER ON PLAINTIFFS' MOTIONS IN LIMINE** |

      This Court conducted a November 21, 2008 motions in limine hearing. Plaintiffs Thomas Philip and Brenda Gross Philip ("Plaintiffs") appeared by telephone by counsel Dean Gordon and Jacob M. Weisberg. Defendants County of Kern, Kern County Sheriff Mack Wimbish, Kern County Sheriffs' Department, D. Jauch, and J. McAdoo ("Defendants") appeared by telephone by counsel Andrew C. Thomas, Office of County Counsel, County of Kern. The Court read and reviewed Plaintiffs' motions in limine and Defendants' opposition to Plaintiffs' motions, including the supporting documents. The Court further considered the arguments of counsel on the record. The Court ruled from the bench on the following motions and incorporates those rulings herein. For the reasons described on the record and in this order, the Court issues the following order on Plaintiffs' motions in limine.

**1.     Exclusion of Non-Disclosed Evidence or Witnesses and Evidence Withheld on Grounds of Privilege**

This Court GRANTS Plaintiffs' unopposed motion to exclude any evidence or witnesses not timely disclosed during discovery. This Court GRANTS Plaintiffs' unopposed motion to exclude any mention of any item that Defendants withheld during discovery based on any privilege.

**2.     Exclusion of Inadmissible Character Evidence**

This Court GRANTS in part and DENIES in part Plaintiffs' motion to preclude Defendants from introducing evidence of a violent or temperamental predisposition of Plaintiff Thomas Philip. As to the evidence of Mr. Philip's alleged aggressiveness after Sheriff Wimbish's deposition, the Court DISALLOWS the evidence to show temperamental predisposition, but ALLOWS the evidence for the limited purpose to show actual bias and/or Mr. Philip's willingness to maintain lawsuit. The Court will entertain a motion for a limiting instruction to describe that distinction to the jury. This Court PRECLUDES evidence related to the allegation that Mr. Philip let the air out of the defendants' tires during a deposition on the basis of Fed. R. Evid. 403.

**3.     Exclusion of Testimony Regarding the Credibility of Witnesses or Giving Opinions Based on Factual Findings**

This Court GRANTS Plaintiffs' motion to preclude any expert from testifying at trial as to the credibility of any witnesses, including Plaintiffs, or giving an opinion based on factual findings (as opposed to hypotheticals), that necessarily require credibility determinations. Experts may not testify as to their opinions as to credibility of a witness **unless** they relied on the opinions of one witness to the exclusion of another. In that event, an expert is entitled to explain why he or she excluded one witness's opinion to arrive at a legitimate conclusion. An expert may not simply give an opinion as to whether another witness is or is not telling the truth.

///

///

///

**4.    Exclusion of Testimony Regarding Plaintiff Thomas Philip's Conduct or Demeanor In the Hospital After the Incident**

This Court DENIES Plaintiffs' motion to exclude testimony from Plaintiff Thomas Philip's treating physicians pertaining to Thomas Philip's state of sobriety, mental condition, and general disposition at the hospital to which he was taken immediately after the incident for treatment. If there is a proper foundation laid, the treating physician my testify as to Thomas Philip's state of sobriety, mental condition, and general disposition at the hospital. Counsel are cautioned that the proper foundation must be laid before offering such testimony as evidence. This evidence is relevant as to Mr. Philip's recollection of the events, pain and suffering, and possibly the mitigation or exacerbation of damages.

**5.    Exclusion of Old Criminal Conviction of Plaintiff Thomas Philip**

This Court GRANTS Plaintiffs' motion to exclude evidence of Plaintiff Thomas Philip's past criminal conviction. This evidence is excluded on grounds of Fed. R. E. 403. The issue is collateral to the issues relevant in this action.

**6.    Exclusion of Speculative Evidence Regarding Dismissal of Criminal Charges Against Plaintiffs Arising Out of this Incident**

This Court DEFERS judgment on Plaintiffs' motion to instruct the jury that all criminal charges filed against the Plaintiffs were dismissed on the date of trial. The parties shall provide a stipulation to this Court that memorializes the agreement the parties made to issue a joint statement regarding the criminal charges and subsequent dismissal of the criminal action.

**7.    Exclusion of Lack of Evidence of Wrongdoing or Lack of Disciplinary Record of Officers**

This Court GRANTS Plaintiffs' motion to exclude evidence offered as to the lack of prior findings of official wrongdoing by, or lack of disciplinary records of, the individual Defendants or any police officer witness. These issues are not relevant to a policy or training.

**8.    Exclusion or Limitation of Irrelevant, Improper, or Non-Qualified Expert Witness Testimony At The Time Such Expert Witnesses Are Called To Testify Or Their Deposition Testimony Is Introduced**

This Court DEFERS judgment on this motion and APPROVES the parties stipulation, found on page 2, lines 5-33 of Defendants' Brief in Opposition to Plaintiffs' Motions in Limine, which reads as follows:

That the parties, their counsel and their witnesses, shall be precluded from using any pleading or other document, presenting or eliciting any evidence, testimonial or otherwise, asking any questions or making any remarks, comments or argument concerning or suggesting:

1) The wealth of any party (except during the punitive damages phase if necessary, and the nonly as to the appropriate part[ies]);

2) The insurance of any party (except to discuss the past payment of medical bills);

3) The "taxpayers" or tax-payer funding of public entitey and public entity Defendants;

4) Allegations not contained in the Complaint and Defenses not contained within the Answer unless the Court grants leave to amend the Complaint and/or Answer according to proof;

5) Exclude all document and/or materials not previously produced including those based on an assertion of a privilege;

In Addition the parties agree to the following:

6) Non-party witnesses will be excluded from the courtroom except during their testimony.

IT IS SO ORDERED.

**Dated:   November 21, 2008**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE